# United States Court of Appeals

### For the Eighth Circuit

_____

No. 22-2586

_____

United States of America,

*Plaintiff - Appellee*,

v.

Germond Edward Johnson, Jr.,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of North Dakota - Eastern

_____

Submitted: March 14, 2023
Filed: June 9, 2023
[Unpublished]

_____

Before COLLOTON, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Germond Johnson, Jr., pleaded guilty to one count of Hobbs Act robbery and one count of conspiracy to commit Hobbs Act robbery. *See* 18 U.S.C. § 1951(a). The

district court[*] calculated an advisory guideline range of 135 to 168 months' imprisonment, and sentenced Johnson to a term of 142 months.

Johnson appeals his sentence. He argues that the district court committed procedural error by refusing to allow him to speak before the court ruled on whether to apply a three-level decrease under USSG § 3E1.1 for acceptance of responsibility.

In a presentence report, the probation office recommended no reduction for acceptance of responsibility. Although Johnson pleaded guilty, the report explained that Johnson denied the offense conduct in a presentence interview with the probation office. Because Johnson denied committing the robbery and asserted that no robbery took place, the probation office recommended that he did not clearly demonstrate acceptance of responsibility.

Johnson objected to the recommendation, and the district court considered the matter at sentencing. At the hearing, however, Johnson presented no evidence to support his objection. Defense counsel relied on Johnson's guilty plea and suggested that Johnson's "minimization" of his offense conduct during the presentence interview was "more of a lack of cognitive understanding and his emotional and mental development." The government argued that Johnson had not accepted responsibility, but suggested what it called a "partial allocution," during which Johnson would "be given the opportunity to accept responsibility" before the court decided on the objection.

The district court declined to adopt the government's suggestion for a "partial allocution," and found that Johnson failed to accept responsibility. The court explained that Johnson denied the offense conduct in his presentence interview and

---

[*]The Honorable Peter D. Welte, Chief Judge, United States District Court for the District of North Dakota.

was not entitled to the reduction. On the question of procedure, the court said that it would provide for an allocution after the court made its findings on objections to the presentence report.

Johnson argues on appeal that the district court's refusal to allow an "allocution" before calculating the guideline range impermissibly interfered with his ability to prove that he deserved a downward reduction. The rules of procedure, however, do not require an opportunity for a "partial allocution" before the court rules on objections to the presentence report. The court may allow the parties to "introduce evidence" on objections to the presentence report, Fed. R. Crim. P. 32(i)(2), and Johnson could have called himself as a witness to present facts tending to show acceptance of responsibility. As for the right of allocution, however, the court need only allow the defendant an opportunity to speak "[b]efore imposing sentence." Fed. R. Crim. P. 32(i)(4)(A); *United States v. Hoffman*, 707 F.3d 929, 937-38 (8th Cir. 2013). The district court granted Johnson an opportunity to speak before sentence was imposed. Johnson made a statement in which he apologized to the family of a child hit by a stray bullet and asked the district court for leniency. The court's procedure conformed to the governing rules, and there was no procedural error.

The judgment of the district court is affirmed, and the government's motion to dismiss the appeal is denied as moot.

_____